UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALBERT W. COCHRAN**                                      **CIVIL ACTION**

**VERSUS**                                                 **NO:    19-13174**

**ANDREW SAUL, COMMISSIONER OF**                           **SECTION: "F" (4)**
**THE SOCIAL SECURITY**
**ADMINISTRATION**

## REPORT AND RECOMMENDATION

The instant action is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 United States Code § 405(g). The Commissioner denied Albert Cochran's eligibility for benefits under the Social Security Act.

Before the Court is Defendant's **Motion to Dismiss (R. Doc. 9)** filed by Andrew Saul, Commissioner of the Social Security Administration seeking the Court dismiss this instant action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to comply with the statute of limitations. This motion is unopposed. The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 United States Code § 636(b) and Local Rule 73.2 for the submission of Proposed Findings and Recommendations. The motion was heard on the briefs on March 4, 2020.

**I.      Background**

The Plaintiff is an individual who received supplemental security income benefits based on disability as a child. Rec. doc. 9-3, p. 15. On Plaintiff's attaining adulthood, his eligibility was redetermined. *Id.* On June 11, 2015, the Social Security Administration notified the Plaintiff, and his representative payee, that the agency no longer determined Plaintiff disabled as of May 5, 2015. *Id*. He was also advised that he is no longer qualified for Supplemental Security Income. *Id.*

In the Notice of Reconsideration dated February 6, 2017, a Disability Hearing Officer also found the claimant not disabled. Rec. doc. 9-3, p. 3. The Plaintiff, thereafter, requested a hearing before an Administrative Law Judge ("ALJ") who found, on November 15, 2018 that plaintiff's disability ended on May 5, 2015. Rec. doc. 9-3, p. 12. The ALJ also found that the plaintiff had not become disabled again since that date and mailed a copy thereof to the plaintiff and representative. *Id.*

The Plaintiff, thereafter, sought a request for review of the decision and on July 22, 2019, the Appeals Council denied plaintiff's request for review. Rec. doc. 9-3, p. 3. Notice was sent to Plaintiff's address at 5229 Wilton Dr. Apt D New Orleans, Louisiana 70122, with instructions to file a civil action within sixty (60) days from the date of receipt. Rec. doc. 9-3, p. 4.

Plaintiff filed the instant suit on October 17, 2019. Rec. doc. 1. Defendant, now, moves to dismiss Plaintiff's complaint pursuant Federal Rule of Civil Procedure 12(b)(6). Rec. doc. 9.

II. **Standard of Review**

"The timeliness requirement of section 205(g) represents a statute of limitation rather than a bar to jurisdiction." *Triplett v. Heckler*, 767 F.2d 210, 211 (5th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986). When a "court consider[s] material outside the pleadings in deciding th[is] motion, "it should [] convert[] the Rule 12(b)(6) motion for dismissal into a Rule 56 motion for summary judgment and observed the procedural requirements that Rules 12(b) and 56 prescribe." *Id.* (citing *Auster Oil & Gas v. Stream*, 764 F.2d 381, 390 n. 9 (5th Cir. 1985)); *see also Flores v. Sullivan*, 945 F.2d 109, 110 n. 3 (5th Cir. 1991) ("While the Secretary filed a Motion to Dismiss (presumably under Federal Rule of Civil Procedure 12(b)(6)), the district court properly converted the motion for dismissal into a Rule 56 motion for summary judgment since the court considered material outside the pleadings, namely the affidavits.").

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (citing Fed. R. Civ. Pro. 56). The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; Fed. R. Civ. P. 56(a).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, "need not negate the elements of the nonmovant's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden "by pointing out the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

If the moving party meets its initial burden, "the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial." *Littlefield v. Forney Indep. Sch. Dist.,* 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

However, factual controversies are resolved in favor of the non-movant "when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citing *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.,* 302 F.3d 531, 545 n. 13 (5th Cir. 2002), *overruled on other grounds*, *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009).

Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.* 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l,* 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. Fed. R. Civ. Pro. 56(c)(4). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *In Re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly

before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (citations omitted).

### III.    Analysis

The Commissioner moves to dismiss Cochran's complaint because of the statute of limitations. Section 205(g) generally requires an individual seeking review to commence a civil action within sixty days from the mailing of the challenged decision. *See* USC Section. 405. The statute further provides that Section 205(g) is the exclusive source of judicial review. In addition, any challenge to the decision of the Commissioner must be filed pursuant to Section 205(g). *Weinberger v. Salfi*, 422 U.S. 749, 756 (1975).

Here, Cochran's complaint indicates he is seeking review pursuant to 28 U.S.C. Section 1331—federal question jurisdiction. The Supreme Court, in *Salfi* , expressly barred courts from exercising jurisdiction over suits, which seek to recover social security benefits in which the court's Section 1331 jurisdiction is invoked.

Moreover, as this Court previously mentioned, the sixty-day period in section 405(g) represents a statute of limitation instead of a jurisdictional bar. *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). The Fifth Circuit enforces the sixty-day limitation. *Flores v. Sullivan,* 945 F.2d 109, 113 (5th Cir. 1991).

Here, Cochran did not file the instant civil action until October 17, 2019, eighty-seven (87) days after the notice by the Appeals Council. The actual deadline for Cochran to file was September 22, 2019. Therefore, Cochran's request for review is untimely and subject to dismissal.

Still, "[a]s the prescribed time is a statute of limitation, the equitable doctrine of tolling can be applied." *Flores*, 945 F.2d at 113 (citing *Bowen v. City of New York*, 476 U.S. 467 (1986)).

Here, however, Plaintiff neither provided a response to this motion to dismiss nor provided any reason to justify equitable tolling. As such, the Court finds that Plaintiff's time should not be tolled in this instance. The Court, therefore, finds that Plaintiff Albert Cochran's complaint for review is not timely and should be dismissed for that reason.

## IV. Recommendation

Accordingly,

**IT IS RECOMMENDED** that the plaintiff's claims against the Social Security Administration be **DISMISSED WITH PREJUDICE** because the matter is time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) [1].

New Orleans, Louisiana, this 11th day of May 2020

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.